IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

BRYAN CHRISTOPHER )
O'ROURKE, on behalf of )
B.G.O., a minor child, and B.E.O., )
a minor child, )
                                 )
      Plaintiff, )
                                 )
v.                              )    Case No. 19-CV-0076-JHP-JFJ
                                 )
TULSA COUNTY, )
STEVE KUNZWEILER, )
VIC REGALADO, )
ANDREA BROWN, )
KELLY GREENOUGH, )
WILLIAM MUSSEMAN, and )
TULSA COUNTY BOARD OF )
COUNTY COMMISSIONERS, )
                                 )
     Defendants. )

## OPINION AND ORDER

Plaintiff Bryan Christopher O'Rourke, an inmate at the David L. Moss Criminal Justice Center in Tulsa, Oklahoma, commenced this action on February 8, 2019, by filing a 42 U.S.C. § 1983 civil rights complaint (Dkt. 1) and a motion to proceed *in forma pauperis* (Dkt. 2). By Order filed April 3, 2019 (Dkt. 4), the Court granted Plaintiff's motion to proceed *in forma pauperis* and directed Plaintiff to submit an initial partial payment. Plaintiff paid the initial partial payment on April 11, 2019. Dkt. 6. For the reasons that follow, the Court finds the complaint is subject to being dismissed under the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. Within thirty (30) days from

the entry of this Order, Plaintiff may file an amended complaint to cure the deficiencies identified in this Order.

A.      **Screening/Dismissal standards**

Federal courts must screen civil complaints filed by prisoners seeking redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In screening the complaint, the court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). Similarly, when a court permits a plaintiff to proceed *in forma pauperis* in a civil action, "[n]otwithstanding any filing fee, or any portion thereof that may have been paid, the court shall dismiss the case at any time if the court determines . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2).

The dismissal standard requires the court to accept all well-pleaded factual allegations of the complaint as true and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, a complaint should be dismissed when the facts alleged therein "however true, could not raise a [plausible] claim of entitlement to relief." *Id.* at 558; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" (quoting *Twombly*, 550 U.S.

at 555)).

Additionally, a court must liberally construe a complaint filed by a *pro se* plaintiff. *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). The rule of liberal construction requires a court to overlook basic drafting errors in determining whether the complaint states "a valid claim on which the plaintiff could prevail." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Nonetheless, even a *pro se* plaintiff must "alleg[e] sufficient facts on which a recognized legal claim could be based." *Id.*

**B.     Plaintiff's allegations**

Plaintiff brings this action under § 1983. To state a plausible § 1983 claim, a plaintiff must allege a person "acting under color of state law" deprived the plaintiff "of a federally protected right." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). Further, the plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. When a plaintiff sues multiple defendants, the plaintiff must "identify specific actions taken by particular defendants," so each defendant has fair notice of the claims on which he or she must defend. *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532 (10th Cir. 1998); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (noting plaintiff's burden "to provide fair notice of the grounds for the claims made against each of the defendants," and explaining burden is not satisfied if plaintiff makes "no distinction as to what acts are attributable to whom").

Plaintiff identifies seven defendants in his complaint: (1) Tulsa County, (2) Tulsa County Assistant District Attorney Andrea Brown, (3) Tulsa County District Attorney

Steve Kunzweiler, (4) Tulsa County Sheriff Vic Regalado, (5) Tulsa County District Judge Kelly Greenough, (6) Tulsa County District Judge William Musseman, and (7) the Tulsa County Board of County Commissioners. Dkt. 1, at 1-2, 5.

Plaintiff identifies the nature of his case as follows: "Prosecutorial misconduct, deliberate indifference, judicial hostility, and customs, policies, and practices by Tulsa County, its officers, employees, and contractors have and continue to violate Plaintiff's civil rights." *Id.* at 2.[1] He identifies eight specific claims:

Count I: Illegal search and seizure

Judge Kelly Greenough ordered Plaintiff to submit to an unlawful urinalysis on 2-12-18 even though drug testing was not a condition of his bond. There is no state or federal statute allowing a "blanket" condition to test when testing is not a condition of release.

Count II: Right to counsel

Defendant Greenough also revoked Plaintiff's bond because he appeared without counsel. He was then detained without bond for twenty-five (25) days without appointed counsel and unable to challenge his unlawful detention even though Greenough knew he could not afford counsel until 3-2-18.

Count III: Due process

Plaintiff's 3-25-18 adversary hearing was wholly insufficient and did not follow the rigorous procedural guidelines required to prevent the pre-trial punishment of the presumptively innocent pre-trial plaintiff.

Count IV: Excessive bail and punitive conditions

Defendant Greenough more than quadrupled Plaintiff's bail from $200,000 to $900,000 without due process and without a legitimate governmental interest.

---

[1] In quoting from the complaint, the Court omits Plaintiff's use of all capital letters.

4

Count V: Impermissible pretrial punishment

By denying one of Plaintiff's multiple bail reduction motions with a note stating, "Not enough time," Defendant Greenough expressed her intent to punish. Further, the objective evidence in this case proves defendant Greenough's decision to more than quadruple Plaintiff's bail was not rationally related to a legitimate governmental objective and is excessive in relation to its purpose—to reasonably assure Plaintiff's presence at trial.

Count VI: Double Jeopardy

As Defendant Greenough's order of release more than quadrupled Plaintiff's bail, [that order] acts as a de facto order of detention without due process and determination of fact, and is punitive in nature while the punishment of presumptively innocent pretrial detainees is not allowed, the state criminal proceedings against Plaintiff are subject to double jeopardy.

Count VII: Okl. St. §§ 14-113 and 746 are facially unconstitutional

Well established federal law and Supreme Court precedent dictate the requirement of adequate medical care for prisoners. This is especially true of presumptively innocent pretrial detainees. These statutes are preempted by federal law and do not survive scrutiny under the Supremacy Clause.

Count VIII: Access to courts

By custom, policy, and practice Tulsa County does not provide adequate access to the courts, including divorce, emergency protective orders, and tort claims, causing actual damages to Plaintiff.

Dkt. 1, at 2-3, 6.

Without reference to his eight specific claims, Plaintiff further alleges:

- Assistant District Attorney Andrea Brown's "prosecutorial misconduct has infected every aspect of the state proceedings against Plaintiff and violated his rights." *Id.* at 1-2.

- District Attorney Steve Kunzweiler, in his official capacity as head of the Tulsa County District Attorney's Office, "administers with an organizational custom, policy, and practice of knowingly encouraging prosecutorial misconduct." *Id.* at 5.

5

- Tulsa County Sheriff Vic Regalado, in his official capacity as head of the sheriff's office and "keeper of the county jail," "unconstitutionally detains arrested people who cannot afford to pay a secured money bail amount without substantive and procedural due process and enacts cruel and unusual punishment." *Id.* at 5.

- Tulsa County District Judge Kelly Greenough, in her official capacity and as the judge presiding over Plaintiff's case, "uses excessive bail as an instrument of pretrial punishment by issuing orders of 'release' that act as de facto orders of detainment without adhering to the rigorous requirements of substantive and procedural due process required by state and federal law." *Id.* at 5.

- Tulsa County District Judge William Musseman, in his official capacity as the presiding judge for Oklahoma's 14th Judicial District, "has general administrative, rulemaking, and supervisory authority over the district court for Tulsa County and promulgates the secured money-bail schedule and local criminal rules that violate substantive and procedural due process, right to counsel, protection from illegal search and seizure, excessive bail, and unconstitutional pretrial punishment. On information and belief, Defendant Musseman was aware, through actual or constructive knowledge, that Defendants Greenough and Brown violated Plaintiff's civil rights, but failed to take reasonable measure to correct their bad acts." Dkt. 1, at 5.

- The Tulsa County Board of Commissioners "must discharge its responsibilities to the Tulsa County Jail in a constitutional manner." *Id.*

In his request for relief, Plaintiff seeks "declaratory and injunctive relief; [and] actual and punitive damages." *Id.* at 3. Plaintiff states "a complete list of defendants, counts, and relief sought will follow in Plaintiff's brief in support."[2] *Id.* In addition, Plaintiff requests "sua sponte review of Tulsa County's unconstitutional criminal justice system and sua sponte relief." *Id.*

---

[2] It is not clear from this statement whether Plaintiff's reference to a "brief in support" means the list of additional defendants and causes of actions included with his complaint, *see* Dkt. 1, at 5-6, or a separate brief he planned to file. To date, Plaintiff has not filed a separate brief in support.

## C. The complaint is subject to being dismissed

For the following reasons, the Court finds the complaint, even liberally construed, is subject to being dismissed under §§ 1915(e)(2) and 1915A.

### 1. Counts I through VI

In Counts I, II, IV, V and VI, Plaintiff alleges Tulsa County District Judge Kelly Greenough violated his constitutional rights through various actions she took in what appears to be an ongoing state criminal proceeding. Dkt. 1, at 2-3, 6. In Count III, Plaintiff does not identify any specific defendant, but the Court construes his allegation that his "3-25-18 adversary hearing . . . did not follow the rigorous procedural guidelines required" as asserting a claim that Judge Greenough violated his due process rights. *Id.* at 3; *see also id.* at 5 (describing Judge Greenough as the judge presiding over his case and "issuing orders . . . without adhering to the rigorous requirements of substantive and procedural due process required by state and federal law").

Plaintiff's claims against Judge Greenough, as alleged in Counts I through VI are subject to being dismissed for three reasons. First, to the extent Plaintiff sues Judge Greenough in her individual capacity and seeks monetary damages or injunctive relief, Judge Greenough has absolute immunity for acts she performed in her judicial capacity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam) ("[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *Ysais v. New Mexico*, 373 F. App'x 863, 866 (10th Cir. 2010) (unpublished)[3] ("Judicial officers are explicitly

---

[3] The Court cites this decision, and other unpublished decisions herein, as persuasive authority. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(a).

immunized not only against damages but also against suits for injunctive relief under 42 U.S.C. § 1983.").

Second, to the extent Plaintiff sues Judge Greenough in her individual capacity and seeks declaratory relief, he fails to state a claim upon which relief may be granted. Absolute judicial immunity does not necessarily bar a claim for declaratory relief. *Ysais*, 737 F. App'x at 866. However, even liberally construed, Plaintiff's complaint is most reasonably read as seeking declaratory relief for Judge Greenough's past actions, not a declaratory judgment defining the legal rights and obligations of parties in anticipation of Judge Greenough's future conduct. *See id.* ("A declaratory judgment is meant to define the legal rights and obligations of the parties in anticipation of some future conduct, not simply to proclaim liability for a past act."). Thus, to the extent Plaintiff seeks retrospective declaratory relief against Judge Greenough, he fails to state a claim upon which relief may be granted.

Third, to the extent Plaintiff sues Judge Greenough in her official capacity and seeks retrospective declaratory relief, his claims are barred by the Eleventh Amendment. Under the Eleventh Amendment, states are generally immune from suit and a suit against a state official "is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Collins v. Daniels*, 916 F.3d 1302, 1315-16 (10th Cir. 2019) (finding plaintiff's official-capacity claims against state officials barred by Eleventh Amendment when plaintiff had standing only to seek retrospective declaratory relief). That said, the Eleventh Amendment does not bar an official-capacity suit against a state official "if the complaint alleges an ongoing violation of federal law and seeks relief

8

properly characterized as prospective." *Collins*, 916 F.3d at 1316 n.10 (quoting *Verizon Md., Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645 (2002)). Nonetheless, as previously stated, the complaint appears to allege Judge Greenough violated Plaintiff's constitutional rights in the past—specifically, in relation to rulings and hearings on his bond. Even liberally construed, the complaint does not fairly allege Judge Greenough is committing an ongoing violation of federal law. Nor does it clearly appear to seek prospective injunctive relief. As a result, any purported official-capacity claims against Judge Greenough are subject to being dismissed.

For the reasons just discussed, Counts I, II, III, IV, V & VI are subject to being dismissed either on immunity grounds or for failure to state a claim upon which relief may be granted.

  **2. Count VII**

In Count VII, Plaintiff alleges "Okl. St. §§ 14-113 and 746 are "facially unconstitutional" and "preempted by federal law." Dkt. 1, at 6. He states: "Well established federal law and Supreme Court precedent dictate the requirement of adequate medical care for prisoners. This is especially true of presumptively innocent pretrial detainees. These statutes are preempted by federal law and do not survive scrutiny under the Supremacy Clause."

Count VII is subject to being dismissed for two reasons. First, the complaint fails to adequately identify the statutes Plaintiff alleges are unconstitutional. Oklahoma laws are generally identified by a title number and section number. For example, in OKLA. STAT. tit. 19, § 4, Oklahoma law provides that a county must be sued in the name of its

9

board of county commissioners. Absent amendment of the complaint, the Court cannot determine which Oklahoma laws Plaintiff alleges are unconstitutional.

Second, while Plaintiff alleges the statutes he seeks to challenge "dictate the requirement of adequate medical care for prisoners," the complaint is devoid of any facts suggesting either (1) that Plaintiff has a medical condition or (2) that any named defendants deprived Plaintiff of his right to adequate medical care. Instead, Plaintiff primarily complains about aspects of his pretrial detention and bond hearings. Dkt. 1, at 1-6. The absence of any facts relating to medical care provided, or not provided, to Plaintiff suggests Plaintiff lacks standing to challenge the statutes he describes. "To satisfy Article III's case-or-controversy requirement, a plaintiff must demonstrate standing to sue by establishing '(1) an "injury in fact," (2) a sufficient "causal connection between the injury and the conduct complained of," and (3) a "likel[ihood]" that the injury "will be redressed by a favorable decision."'" *Colo. Outfitters Ass'n v. Hickenlooper*, 823 F.3d 537, 543 (10th Cir. 2016) (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157-58 (2014)). Because Plaintiff fails to allege any facts establishing his standing to challenge statutes he describes as governing the provision of medical care to state prisoners, this Court lacks jurisdiction over this particular claim. *See id.*

For these reasons, Count VII is subject to being dismissed either for lack of jurisdiction or for failure to state a claim upon which relief may be granted.

### 3. Count VIII and other claims against Tulsa County

In Count VIII, Plaintiff alleges "by custom, policy, and practice Tulsa County does not provide adequate access to the courts, including divorce, emergency protective orders,

10

and tort claims, causing actual damages to Plaintiff." Dkt. 1, at 6. In other parts of the complaint, Plaintiff alleges Tulsa County (1) is a "municipal entity whose customs, policies, and practices violate multiple civil rights," (2) the County's "officers, employees, and contractors have and continue to violate Plaintiff's civil rights," (3) Vic Regalado, in his official capacity as the Tulsa County Sheriff and "keeper of the county jail" "unconstitutionally detains arrested people who cannot afford to pay a secured money bail amount without substantive and procedural due process and enacts cruel and unusual punishment," and (4) the Tulsa County Board of Commissioners "must discharge its responsibilities to the Tulsa County Jail in a constitutional manner." *Id.* at 1-2, 5.

Count VIII, as well as Plaintiff's other claims against Tulsa County are subject to being dismissed for failure to state a claim upon which relief may be granted. A county is a municipality and may be sued as a "person" under § 1983. *Will*, 491 U.S. at 62. However, a county may not be held liable simply because the alleged misconduct of its employees or officers caused injury to the plaintiff. *Mocek v. City of Albuquerque*, 813 F.3d 912, 933 (10th Cir. 2015). Rather, to establish that a county is liable for the actions of its employees or officers, a plaintiff must show: "1) the existence of a municipal policy or custom and 2) a direct causal link between the policy or custom and the injury alleged." *Id.* (quoting *Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006)). Without further factual development, Plaintiff's broad and conclusory allegations regarding Tulsa County's allegedly unlawful "policies, customs, and practices," combined with his statement that he suffered "actual damages" from a general lack of access to courts, fail to state any plausible claims against Tulsa County. As a result, the complaint is subject to being dismissed as to

all claims alleged against (1) Tulsa County, (2) the Tulsa County Board of County Commissioners, and (3) against Sheriff Regalado in his official capacity as the "keeper of the county jail."[4]

Furthermore, Plaintiff is advised that should he file an amended complaint challenging any specific Tulsa County policies, customs or practices, including those that relate to policies and official actions of Sheriff Regalado, that have been unlawfully enforced against him, resulting in damages, the only proper defendant is the Tulsa County Board of County Commissioners. *See* OKLA. STAT. tit. 19, § 4 (providing that county must be sued in the name of its board of county commissioners); *Lopez*, 172 F.3d at 762 (explaining that county may be sued for sheriff's policies and official actions because county sheriff is final policymaker with respect to county jail).

### 4. Remaining defendants

Plaintiff does not identify actions taken by any of the remaining defendants—Tulsa County Assistant District Attorney Andrea Brown, Tulsa County District Attorney Steve Kunzweiler, and Tulsa County District Judge William Musseman—within the eight counts he identifies in his complaint. Dkt. 1, at 2-3, 6. Instead, he includes allegations specific to these three defendants in his list of "Additional Defendants." *Id.* at 5. For the reasons that follow, Plaintiff's claims against these defendants are subject to being dismissed.

---

[4] Plaintiff purports to sue Sheriff Regalado only in his official capacity. Dkt. 1, at 5. Thus, any official-capacity claims he alleges against Sheriff Regalado are claims against Tulsa County and subject to being dismissed for the same reasons as his claims against the County. *See Lopez v. LeMaster*, 172 F.3d 756, 762 (10th Cir. 1999) (noting plaintiff's official-capacity suit against county sheriff was same as suit against county itself).

First, Plaintiff alleges Brown's "prosecutorial misconduct has infected every aspect of the state proceedings against Plaintiff and violated his rights." Dkt. 1, at 5. This allegation is most reasonably construed as referring to actions Brown has taken in her role as a prosecutor. As a result, Brown is immune from a suit for monetary damages. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) (holding that prosecutors are immune from civil suits for damages under § 1983 for their actions "in initiating a prosecution and presenting the State's case"); *Nielander v. Bd. of Cty. Comm'rs.*, 582 F.3d 1155, 1164 (10th Cir. 2009) ("Prosecutors are entitled to absolute immunity for their decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court."). Thus, Plaintiff's claim alleging Brown committed "prosecutorial misconduct" is subject to being dismissed as barred by prosecutorial immunity.

Second, Plaintiff alleges Kunzweiler "administers with an organizational custom, policy, and practice of knowingly encouraging prosecutorial misconduct." Dkt. 1, at 5. This allegation is conclusory and devoid of any facts suggesting Kunzweiler took any specific actions violating, or causing another to violate, Plaintiff's constitutional rights. Without further factual development, the complaint fails to state any plausible claims against Kunzweiler. Further, to the extent Plaintiff sues Kunzweiler in his official capacity and seeks damages or retrospective injunctive relief, those claims are barred by the Eleventh Amendment. *See Collins*, 916 F.3d at 1315-16 (discussing Eleventh Amendment and suits against state officials).

Third, Plaintiff alleges, in part, that Judge Musseman "was aware, through actual or constructive knowledge, that Defendants Greenough and Brown violated Plaintiff's civil rights, but failed to take reasonable measure to correct their bad acts." Dkt. 1, at 5. To the extent Plaintiff seeks to impose liability against Judge Musseman, in his role as a supervisor, for the alleged "bad acts" of Judge Greenough or Brown, Plaintiff fails to state a plausible claim. "Section 1983 does not authorize liability under a theory of respondeat superior." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013) (quoting *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011)). Thus, to state a plausible claim against Judge Musseman, Plaintiff "must show an 'affirmative link' between [Judge Musseman] and the constitutional violation." *Id.* (quoting *Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010)). Even assuming Plaintiff's factual allegations were sufficient to state any plausible constitutional claims against Judge Greenough or Brown, Plaintiff's allegations fall short of alleging an "affirmative link" between Judge Musseman and any alleged constitutional violations committed by either defendant.

Fourth, Plaintiff alleges, in part, Judge Musseman's promulgation of a "secured money-bail schedule and local criminal rules . . . violated substantive and procedural due process, right to counsel, protection from illegal search and seizure, excessive bail, and unconstitutional pretrial punishment." Dkt. 1, at 5. To the extent Plaintiff seeks injunctive or declaratory relief from Judge Musseman for acts that could be characterized as "administrative," judicial immunity does not necessarily bar Plaintiff's claim. *See Forrester v. White*, 484 U.S. 219, 227 (1988) (discussing the line between truly judicial

acts, for which [judicial] immunity is appropriate, and acts that simply happen to have been done by judges"); *Parga v. Bd. of Cty. Comm'rs*, No. 18-CV-0298-CVE-JFJ, 2019 WL 1231675, at *7-9 (N.D. Okla. Mar. 15, 2019) (unpublished) (discussing similar claims for declaratory and injunctive relief against Judge Musseman for his part in promulgating secured-money bail schedule and other local criminal rules). However, to the extent Plaintiff sues Judge Musseman in his official capacity and seeks retrospective injunctive relief, the Eleventh Amendment bars his claim. *See Collins*, 916 F.3d at 1316. Further, even assuming Plaintiff's claims against Judge Musseman are not barred on immunity grounds, his factual allegations against Judge Musseman are entirely conclusory in nature. Without further factual development, the complaint fails to state any plausible claims against Judge Musseman.

Based on the foregoing, Plaintiff's claims against Brown, Kunzweiler and Judge Musseman are subject to being dismissed either on immunity grounds or for failure to state a claim upon which relief may be granted.

C. **Opportunity to amend**

Plaintiff's complaint is subject to being dismissed under the screening provisions of § 1915(e)(2) and § 1915A(b). However, the Court finds Plaintiff should be afforded an opportunity to amend his complaint. Within thirty (30) days of the entry of this Order, Plaintiff may file an amended complaint curing the deficiencies identified in this Order. **If Plaintiff fails to file an amended complaint, or if the amended complaint fails to cure the deficiencies identified in this Order, this action will be dismissed without prejudice for the reasons stated in this Order**.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Within thirty (30) days of the entry of this Order, or on or before **July 8, 2019**, Plaintiff may file an amended complaint.

2. The Clerk of Court shall send Plaintiff a blank civil rights complaint (form PR-01) marked "amended" and identified as **Case No. 19-CV-0076-JHP-JFJ**.

   **Failure to comply with this Order could result in the dismissal of this action without prejudice and without further notice.**

   **DATED** this 6th day of June, 2019.

   James H. Payne
   United States District Judge
   Northern District of Oklahoma